**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

NAJEEBA E. MOHAMMAD,

              Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

              Defendant - Appellee.

</td><td>

No. 13-35415

D.C. No. 2:12-cv-01391-BAT

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding[**]

Submitted December 10, 2014[***]
Seattle, Washington

Before: HAWKINS, McKEOWN, and TALLMAN, Circuit Judges.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

    [***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Najeeba Mohammad appeals the district court's order affirming the ALJ's denial of social security benefits. We review de novo and reverse only if the ALJ's decision was not supported by substantial evidence or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We affirm.

The ALJ found that Mohammad was "not entirely credible" because the record contained (1) affirmative evidence of malingering and exaggeration of her symptoms to obtain her children's attention; (2) multiple inconsistent statements regarding her activities; (3) discrepancies in the evidence regarding her ability to speak English and Farsi; and (4) other evidence that undermined her claims regarding the intensity, persistence, and limiting effects of her symptoms. As a result of this credibility finding, the ALJ also rejected several medical opinions that were based on Mohammad's statements.

The ALJ's determination that Mohammad was not "forthright" about her language abilities is supported by substantial evidence. As the ALJ explained, Mohammad had been observed speaking English, and various individuals reported that they had been able to communicate with her in English, albeit with some difficulty. Much of Mohammad's argument challenges the ALJ's decision to credit the report of Doctor Meinz, an examining psychologist, which Mohammad claims is unreliable due to insufficient translation. But the case on which she

2

relies, *Ghokassian v. Shalala*, 41 F.3d 1300 (9th Cir. 1994), does not support her claim. The claimant in that case challenged the ALJ's decision for crediting a malingering diagnosis made by a medical resident who did not use an interpreter. *Id.* at 1302–03. But unlike *Ghokassian*, Meinz used an Iranian interpreter who "had learned to interpret" the Pashtu that Mohammad spoke. We are sensitive to the fact that the record might bear "more than one rational interpretation" as to the efficacy of the resulting interpretation, but the ALJ's findings that credit this report are "reasonably drawn from the record" and therefore must be upheld. *Molina*, 674 F.3d at 1111 (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)).

Evidence of malingering is also sufficient to support a negative credibility finding, which would render any claimed error regarding Mohammad's language skills harmless. *See Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040–41 (9th Cir. 2003) (noting that evidence of malingering would support the rejection of a claimant's testimony, but noting no such evidence in that case). The evidence of malingering in the record here includes three instances in which Mohammad's symptoms disappeared after arriving at the emergency room with her son, a psychological evaluation that refers to a rule-out malingering diagnosis made by

another examining psychologist, and the provisional malingering diagnosis from Meinz.

Mohammad's other arguments are unpersuasive because the ALJ offered "germane" reasons for discounting the evidence that she would have this court credit. *See Molina*, 674 F.3d at 1114 (requiring the ALJ to give "reasons that are germane to each witness" before discounting lay testimony (quoting *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). Despite the "close bond" between Mohammad and her therapist, Ms. Mowat, the ALJ found Mowat's reliability to be undermined by the fact that she accepted Mohammad's self-reported symptoms. The opinion of the nurse practitioner, Ms. Fisher, was inconsistent with the observations recorded in her treatment notes. Finally, the ALJ offered two legitimate reasons for giving little weight to the lay witness testimony.

**AFFIRMED.**